```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  WESTERN DIVISION
```

M STREET INVESTMENTS, INC.                                PLAINTIFF

v.                        CIVIL ACTION NO. 5:13-cv-00047-DCB-MTP

ZURICH AMERICAN INSURANCE                                DEFENDANTS
COMPANY, BELFOR GROUP USA, INC.,
and GARY WILBORN a/k/a GARY WILBURN

AND

BELFOR USA GROUP, INC.                                COUNTERCLAIMANT

v.

M STREET INVESTMENTS, INC.,
GREAT SOUTHERN INVESTMENT
GROUP, INC.                                    COUNTERCLAIM DEFENDANTS

AND

BELFOR USA GROUP, INC.                                COUNTERCLAIMANT

v.

M STREET INVESTMENTS, INC., GREAT
SOUTHERN INVESTMENT GROUP, INC.,
DAVID M. SESSUMS, Trustee For GARY
WILBORN, JOEL BLACKLEDGE, Trustee
For LAW OFFICES OF JOHN D. MOORE,
P.A., and HERMETIC RUSH SERVICES, INC.    COUNTERCLAIM DEFENDANTS

<u>ORDER</u>

This cause is before the Court on M Street Investment, Inc.'s Urgent Motion to Compel Appraisal and Appoint Umpire. Having considered the parties' arguments, the court will compel an appraisal and appoint an umpire if necessary.

In the interest of expediency, the Court will keep its

comments brief. Both parties agree that the appraisal clause is valid and enforceable, they disagree as to when, if ever, this clause can be enforced. The clause provides: if a party to the contract disagrees with the "amount of loss" it may make a written demand for an appraisal of the loss. This is exactly what M Street has done. Zurich has given the court no compelling reason to conclude that the clause should not be immediately enforced. Moreover, the harm that Zurich may suffer by having to pay unnecessarily for an appraiser and half of the cost of an umpire is greatly outweighed by the harm M Street would suffer if the clause is not enforced.

Zurich attempts to cloud the clause's plain language with problems of ownership, and other issues which are unrelated to the amount of loss. Zurich argues that M Street's request falls outside the "ambit of the clause." M Street simply wants to enforce the clause and has the right to do so. The parties may disagree on other issues, such as causation, but M Street's request is expressly limited to the amount of loss. The court notes that the appraisal clause requires the appraisers to value the "damaged property as of the date of loss," which may require the appraisers indirectly to touch on issues like causation.

**IT IS THEREFORE HEREBY ORDERED** that M Street Investment, Inc.'s Urgent Motion to Compel Appraisal and Appoint Umpire is **GRANTED**.

**IT IS FURTHER ORDERED** that M Street and Zurich, working together in good faith, comply with the terms of their appraisal agreement as soon as practicable, but no later than two weeks from the date of this order's entry. In light of the clause's plain language, it is not necessary for the court to outline how this work should be accomplished. However, if the two competent, disinterested, and impartial *appraisers* cannot agree on an umpire—a continency not anticipated if those adjectives are apt—the Court will appoint one.

So **ORDERED**, this the 8th day of August, 2013.

/s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**